**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-00967-NYW

DERY SOTO FERNANDEZ,

     Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
TODD LYONS, in his official capacity,
KRISTI NOEM, in her official capacity, and
PAM BONDI, in her official capacity,[1]

     Respondents.

_____

**ORDER**

_____

This matter is before the Court on the Petition for Habeas Corpus (the "Petition"). [Doc. 2].  Petitioner Dery Soto Fernandez ("Petitioner") is a citizen of Honduras who has been present in the United States since 2019.  [*Id.* at ¶¶ 17, 22].  He was detained by ICE officers in November 2025 and is currently detained in the Aurora ICE Detention Center. [*Id.* at ¶¶ 1, 25].  In the Petition, Petitioner argues that his detention violates the Immigration and Nationality Act, the Administrative Procedure Act, and the Fifth Amendment of the United States Constitution.  [*Id.* at 8–11].  Petitioner seeks, among other things, an order directing Respondents to provide him a bond hearing.  [*Id.* at 12].  He also asks the Court to order that he not be transferred outside of the District of

_____

[1] Petitioner names Dawn Ceja as the Warden of the Aurora ICE Processing Center.  [Doc. 2 at 1].  Juan Baltazar, the current Warden, is automatically substituted with the current office holders under Fed. R. Civ. P. 25(d).

Colorado while his Petition is pending.  [*Id*.].

Upon review of the Petition, the Court concludes that good cause exists to enter an order preserving the Court's jurisdiction over this case pursuant to the Court's inherent authority to do so.  The All Writs Act provides, in pertinent part, that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a).  The All Writs Act dates from the first Judiciary Act of 1789, and the Supreme Court has recognized that its express authority empowers lower courts, in limited circumstances, to issue temporary injunctions as may be necessary to protect the status quo or their own jurisdiction.  *See FTC v. Dean Foods Co.*, 384 U.S. 597, 603, 608 (1966).  Indeed, the Supreme Court has instructed that, "[u]nless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it."  *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172–73 (1977) (quotation omitted).

Pursuant to the All Writs Act, and in order to preserve the Court's jurisdiction, Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the United States Court of Appeals for the Tenth Circuit vacates this Order.  *See Vizguerra-Ramirez v. Choate*, No. 25-cv-00881-NYW, ECF No. 11 at 4–5 (D. Colo. Mar. 21, 2025) (collecting cases); *Vazquez v. Baltazar*, No. 25-cv-03049-GPG-TPO, ECF No. 11 (D. Colo. Oct. 2, 2025); *Dean Foods Co.*, 384 U.S. at 603; *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

Further, upon review of the Petition and Motion for Order, it is **ORDERED** that Petitioner shall **SERVE** Respondents with a copy of the Petition, any accompanying papers, and a copy of this Order by e-mail and by overnight mail on or before **March 26, 2026**.  Petitioner shall promptly file proof of such service on the docket by **March 30, 2026**, and counsel for Respondents shall promptly enter their notices of appearance.  Within **seven days of service**, Respondents shall **SHOW CAUSE** why the Petition shall not be granted.  *See, e.g., Yassine v. Collins*, No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)).  Any reply shall be filed no later than **seven days** after the Response is filed.[2]

Accordingly, it is **ORDERED** that:

(1)     Petitioner shall **SERVE** Respondents with a copy of the Petition on or before **March 26, 2026** and shall file proof of service on or before **March 30, 2026**;

(2)     Within **seven days** of service, Respondents shall **SHOW CAUSE** why the Petition should not be granted;

(3)     Any reply shall be filed no later than **seven days** after the Response is filed; and

---

[2] The Court acknowledges that Judge Varholak set different response deadlines prior to the case's reassignment to the undersigned.  *See* [Doc. 4].  Given the urgency of Petitioner's request and the weight of authority on the pertinent issues, those deadlines are respectfully **VACATED**.  The Parties shall proceed under the deadlines set in this Order.

(4)     Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the United States Court of Appeals for the Tenth Circuit vacates this Order.


DATED:  March 20, 2026                     BY THE COURT:

_____
Nina Y. Wang
United States District Judge