**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-00967-NYW

DERY SOTO FERNANDEZ,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
TODD LYONS, in his official capacity,
MARKWAYNE MULLIN, in his official capacity, and
TODD BLANCHE, in his official capacity,

      Respondents.[1]

_____

**MEMORANDUM OPINION AND ORDER**
_____

This matter is before the Court on the Petition for Habeas Corpus (the "Petition"). [Doc. 2]. Respondents have filed a Response, *see* [Doc. 11], and the Court finds that it may rule on the Petition without the benefit of a reply brief, *cf.* D.C.COLO.LCivR 7.1. For the reasons set forth below, the Petition is **GRANTED in part**.

**BACKGROUND**

Petitioner Dery Soto Fernandez ("Petitioner" or "Mr. Soto Fernandez") is a citizen of Honduras who has been present in the United States since 2019. [Doc. 2 at ¶¶ 17, 22]. He was detained by ICE officers in November 2025 and is currently detained in the Aurora ICE Detention Center. [*Id.* at ¶¶ 1, 25]. He has not been given a bond hearing.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Markwayne Mullin and Todd Blanche are automatically substituted in Respondents as current officeholders.

See [*id.* at ¶ 27].[2]

The Government purports to detain Mr. Soto Fernandez under 8 U.S.C. § 1225(b). *See* [Doc. 2 at ¶ 27; Doc. 11 at 3]. Mr. Soto Fernandez disputes the Government's interpretation of § 1225(b) and contends that he is actually detained under 8 U.S.C. § 1226(a), which would entitle him to a bond hearing. [Doc. 2 at ¶ 36].

The Petition was filed on March 10, 2026 and asserts three claims for relief: (1) one count asserting a violation of the Immigration and Nationality Act, [*id.* at ¶¶ 33–38]; (2) one count asserting a violation of the Administrative Procedure Act, [*id.* at ¶¶ 39–44]; and (3) one count alleging a violation of Petitioner's Fifth Amendment due process rights, [*id.* at ¶¶ 45–49]. Mr. Soto Fernandez asks this Court to order Respondents to provide him a bond hearing or release him immediately. [*Id.* at 12].

This matter is ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

---

[2] Petitioner asserts that, on March 3, 2026, he appeared with counsel at a "custody redetermination hearing." [Doc. 2 at ¶ 27]. At that hearing, DHS argued that Petitioner is detained under 8 U.S.C. § 1225, so he was not eligible for a bond hearing. [*Id.*]. Petitioner asserts that the immigration judge "held she lacked jurisdiction to hear Petitioner's request for a custody redetermination." [*Id.*]; *see also* [Doc. 2-11]. Respondents do not dispute this characterization of the March 3 hearing or argue that Petitioner has already been afforded a bond hearing. *See* [Doc. 11]. Accordingly, the Court finds that, based on the current record, Petitioner has not been provided a bond hearing. *See Hernandez De La Cruz v. Baltazar*, No. 26-cv-00390-CYC, 2026 WL 496647, at *1–2 (D. Colo. Feb. 23, 2026) (ordering a bond hearing where the "petitioner's request for a bond hearing was denied solely because the Immigration Judge did not believe she had jurisdiction . . . and, as a result, she did not consider 8 U.S.C. § 1226").

**LEGAL STANDARD**

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

**ANALYSIS**

Petitioner's claims primarily turn on whether he is detained under § 1225 or § 1226. The Court summarizes the statutory framework before turning to the Parties' arguments.

**I.      Statutory Framework**

Sections 1225 and 1226 govern detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here. *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)–(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen (emphasis added)). Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

3

Section 1225(b) "supplement[s] § 1226's detention scheme." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)).  Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297.  This section provides, in relevant part, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal proceedings.  8 U.S.C. § 1225(b)(2)(A) (emphasis added).[3]  Under § 1225(a)(1), an "applicant for admission" is

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297).

---

[3] Under 8 U.S.C. § 1225(b)(1), "certain applicants for admission who are deemed inadmissible are subject to expedited removal, unless they express a fear of persecution or an intent to apply for asylum." *Guerrero Orellana v. Moniz*, 802 F. Supp. 3d 297, 304 (D. Mass. Oct. 3, 2025), *appeal docketed*, No. 25-2152 (1st Cir. Dec. 3, 2025); *see also* 8 U.S.C. § 1225(b)(1)(A)(i) (directing an immigration officer to "order [a person deemed inadmissible] removed from the United States without further hearing or review unless [the person] indicates either an intention to apply for asylum . . . or a fear of persecution"). Respondents argue that Petitioner is detained pursuant to § 1225(b)(2), *see* [Doc. 11 at 3], so the Court does not substantively address detention under § 1225(b)(1).

## II.    Application to Petitioner's Detention

The Court's analysis begins with Mr. Soto Fernandez's due process claim.  He argues that his detention without a bond hearing violates his due process rights "because [he] was arrested upon the issuance of a warrant and after having been present in the U.S. for six years before these . . . removal proceedings."  [Doc. 2 at ¶ 48].  He argues that he is entitled to a bond hearing under § 1226(a), [*id.* at ¶ 36], and that his detention without a hearing violates his due process rights, [*id.* at ¶¶ 45–49].

Respondents argue that § 1225(b)(2) applies and requires Petitioner's detention, so he is not entitled to a bond hearing.  *See* [Doc. 11 at 3].  But Respondents concede that the issue presented in this case "is not materially different from [the] issue this Court has resolved" in prior rulings and acknowledge that "this Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision." [*Id.* at 2–3].[4]

Indeed, this Court has already rejected Respondents' position.  *See Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *5 (D. Colo. Oct. 22, 2025) ("[F]ederal courts have overwhelmingly rejected Respondents' 'broad interpretation of section 1225(b)(2).'" (collecting cases)).[5]  In *Loa Caballero*, this Court reviewed a similar

---

[4] As Petitioner explains in his Petition, he was originally detained at the border in 2019. [Doc. 2 at ¶ 22].  In 2023, an immigration judge dismissed the removal proceedings based on DHS's representation that it "no longer intend[ed] to pursue a removal order against" Petitioner.  [*Id.* at ¶ 23; Doc. 2-6].  Respondents do not acknowledge this earlier period of detention or make any argument that the earlier detention impacts the Court's statutory analysis on Petitioner's current detention.  *See* [Doc. 11].  Any such argument has thus been waived.  *See Juan M. v. Bondi*, No. 26-cv-00266-ECT-JFD, 2026 WL 129059, at *2 (D. Minn. Jan. 17, 2026) ("Respondents did not respond to Juan's arguments about deferred action, . . . meaning Respondents waived any challenge to these arguments.").

[5] In addition to this Court's ruling in *Loa Caballero*, a majority of other judges in this District have concluded that § 1225(b)(2)(A) does not apply to noncitizens similarly situated to

habeas petition filed by a noncitizen who had resided in the United States for nearly 20 years before he was detained by ICE. *See id.* at *1. Like Petitioner here, the Government did not provide the petitioner in *Loa Caballero* with a bond hearing because it asserted that § 1225 mandated his detention. *See id.* The Court disagreed, emphasizing that § 1225(b)(2)(A) only provides for mandatory detention of noncitizens "seeking admission" to the country. *Id.* at *6. "The plain meaning of the phrase 'seeking admission' requires that the applicant must be presently and actively seeking lawful entry into the United States." *Id.* Thus, noncitizens who are merely "present"—and have been for "years upon years" without obtaining legal status—are not "seeking admission" under § 1225(b)(2)(A). *Id.* (quoting *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 781 (E.D. Mich. 2025)). Interpreting § 1225(b)(2)(A) to mandate detention for all "applicants for admission" would render the "seeking admission" language superfluous. *Id.* at *7. The Court concluded that both the plain text of § 1225 and applicable canons of statutory interpretation demonstrated that the petitioner in *Loa Caballero* was detained under § 1226, not § 1225. *See id.* at *5–8. The Court has since reaffirmed its ruling in *Loa Caballero* in several other similar habeas cases. *See, e.g.*, *Briales-Zuniga v. Baltazar*, No. 25-cv-03439-NYW, 2026

---

Petitioner, who have been present in the country for some time and are not actively "seeking admission." *See, e.g.*, *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2024) (Rodriguez, J.), *appeal docketed*, No. 25-1460 (10th Cir. Dec. 16, 2025); *Moya Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291 (D. Colo. Oct. 20, 2025) (Gallagher, J.); *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025) (Sweeney, J.); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607 (D. Colo. Oct. 31, 2025) (Jackson, J.); *Aleman Hernandez v. Baltazar*, No. 25-cv-03688-SKC-SBP, 2025 WL 3718159 (D. Colo. Dec. 23, 2025) (Crews, J.); *Garcia-Perez v. Guadian*, No. 25-cv-04069-PAB, 2026 WL 89613 (D. Colo. Jan. 13, 2026) (Brimmer, J.) *Garcia Abanil v. Baltazar*, --- F. Supp. 3d ----, 2026 WL 100587 (D. Colo. Jan. 14, 2026) (Martínez, J.).

WL 35227, at *4 (D. Colo. Jan. 6, 2026); *Bautista v. Noem*, No. 26-cv-00272-NYW, 2026 WL 532427, at *4 (D. Colo. Feb. 26, 2026).

Accordingly, consistent with the Court's prior rulings and the weight of authority in this District, the Court concludes that § 1225(b)(2) does not authorize Petitioner's detention. The "default rule" of discretionary detention under § 1226(a) therefore applies. *See, e.g.*, *Quispe-Ardiles*, 2025 WL 2783800, at *5, *7.

Having determined that § 1226(a) governs Mr. Soto Fernandez's detention, the Court concludes that his detention without a bond hearing violates his due process rights. Because Petitioner is detained under § 1226(a), at a minimum "the process due to him is that which is afforded under [§ 1226(a)]." *Lopez-Campos*, 797 F. Supp. 3d at 785. And as explained above, that process is an individualized bond determination. *See, e.g.*, *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) (describing the process owed under § 1226 as "an individualized bond hearing before an [immigration judge]"); *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 485 (E.D.N.Y. 2025) ("[Section] 1226(a) requires an individualized bond determination."). The Court thus concurs with the numerous other district courts that have held that denying a bond hearing to a noncitizen detained under § 1226(a) violates the noncitizen's due process rights. *See, e.g., Garcia Cortes*, 2025 WL 2652880, at *4; *Lopez-Campos*, 797 F. Supp. 3d at 784–85; *Garcia Abanil v. Baltazar*, --- F. Supp. 3d ----, 2026 WL 100587, at *6–7 (D. Colo. Jan. 14, 2026). The Petition is **GRANTED** with respect to Petitioner's due process claim.

III.    **Appropriate Remedy**

Mr. Soto Fernandez asks this Court to enter an order requiring his immediate release. [Doc. 2 at 12]. In the alternative, he asks this Court to order Respondents to

"schedule a bond hearing before an immigration judge and, at such hearing, require the government to justif[y] continued detention by clear and convincing evidence." [*Id.*].

Because § 1226(a) "does not require release," but instead "provides DHS the discretion to grant an alien release on bond," *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025), the Court finds it appropriate to order Respondents to provide Petitioner with a bond hearing before an immigration judge, who "is better suited to consider whether Petitioner poses a flight risk and a danger to the community," *Loa Caballero*, 2025 WL 2977650, at *9.

As for Petitioner's request that this Court order the Government to bear the burden at the hearing by clear and convincing evidence, the Court notes that the Petition does not raise substantive arguments in support of this request. *See* [Doc. 2]. For their part, Respondents do not address the applicable burden at all. *See* [Doc. 13]. The Court declines to undertake a sua sponte analysis of this issue without developed arguments from the Parties. Instead, the Court continues to concur with other cases in this District that have required the Government to bear the burden of proof at a § 1226(a) bond hearing where, as here, the petitioner is initially erroneously detained under § 1225. *See Diaz Lopez v. Noem*, No. 25-cv-04089-NYW, 2026 WL 206220, at *5 (D. Colo. Jan. 27, 2025) (this Court taking the same approach in absence of substantive briefing on burden-shifting issue); *see also, e.g.*, *Garcia Abanil*, 2026 WL 100587, at *8 ("[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." (cleaned up) (collecting cases)). *But see De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *4 (D. Colo. Feb. 17, 2026) (declining to shift burden to the Government in a similar case). The Court also concurs

with the decisions concluding that "the clear and convincing standard that generally applies to civil detention where liberty is at stake is appropriate here as well." *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) (quotation omitted); *see also, e.g.*, *Garcia Abanil*, 2026 WL 100587, at *8 (finding clear and convincing standard appropriate where noncitizen's "liberty interest hangs in the balance").

According, Respondents are **ORDERED** to provide Petitioner a bond hearing no later than **April 28, 2026**. **At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified.** **If Respondents to not do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, he must be immediately released from detention.** On or before **May 5, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.[6]

Finally, because this Order grants Petitioner the relief he seeks in his Motion for Temporary Restraining Order and/or Preliminary Injunction, [Doc. 7], that Motion is respectfully **DENIED as moot**.

---

[6] To the extent Petitioner seeks attorney's fees, this District's Local Rules require that those requests be made by separate motion. *See* D.C.COLO.LCivR 54.3. And insofar as Petitioner asks the Court for a declaration that his continued detention without a bond hearing is unlawful, this request is moot in light of the relief granted in this Order. *See Pena-Gil v. Lyons*, No. 25-cv-03268-PAB-NRN, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025).

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1)    The Petition for Habeas Corpus [Doc. 2] is **GRANTED in part**;

(2)    Respondents shall provide Petitioner a bond hearing no later than **April 28, 2026**.  At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified.  **If Respondents to not do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**;

(3)    On or before **May 5, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required; and

(4)    Petitioner's Motion for Temporary Restraining Order and/or Preliminary Injunction [Doc. 7] is **DENIED as moot**.

DATED:  April 21, 2026

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

10